IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CAROL BONNELL, )
)
    Plaintiff, )
)
) CIV-15-810-D
v. )
)
CAROLYN W. COLVIN, )
  Acting Commissioner of Social )
   Security Administration, )
)
    Defendant. )

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff filed her application for benefits on July 11, 2008, and alleged that she became disabled on October 15, 2004, due to feet problems, diabetes, high blood pressure, "cholesterol," migraine headaches, insomnia, back problems, and arthritis in her hip. (TR 86, 110). Plaintiff has a twelfth grade education and prior work as an office clerk and office

1

manager.

Plaintiff's insured status for the purpose of Title II benefits expired on September 30, 2009. (TR 12, 449). Consequently, to be entitled to receive disability insurance benefits, Plaintiff must show that she was "actually disabled [within the meaning of the Social Security Act] prior to the expiration of [her] insured status" on September 30, 2009. Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir. 1990)(*per curiam*); accord, Adams v. Chater, 93 F.2d 712, 714 (10th Cir. 1996); Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993).

Plaintiff requested a hearing and stated that she would appear at a hearing. (TR 44). Plaintiff was advised by administrative law judge ("ALJ") McLean that a hearing on her application would be conducted on April 21, 2010. (TR 58-68). After this notice, Plaintiff, through her attorney, submitted an acknowledgment of receipt of the notice of hearing and advised that she would not be present for the hearing. (TR 83).

A hearing on Plaintiff's application was conducted in April 2010, and ALJ McLean obtained the testimony of a vocational expert at the hearing. (TR 22-30). ALJ McClean subsequently issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act prior to the expiration of her insured status because she retained the ability to perform her previous job as an office manager. (TR 20-21).

The Appeals Council declined to review the decision. (TR 538). Plaintiff appealed the final decision of the Commissioner, embodied in ALJ McLean's decision, to this Court. The Commissioner filed an unopposed motion to remand the case to the agency. The matter

was referred to the undersigned Magistrate Judge, and in a Report and Recommendation the undersigned Magistrate Judge recommended that the Commissioner's motion be granted, the decision be reversed, and the cause of action be remanded to the agency for further administrative proceedings. In an Order and Judgment entered October 1, 2012, United States District Judge DeGiusti reversed the Commissioner's decision and remanded the matter to the agency for further administrative proceedings.

Following remand, the Appeals Council entered an Order remanding the case to an ALJ for further proceedings consistent with the Order. (TR 553-54). The Appeals Council found in the Order that "[a]lthough the claimant and her representative waived their rights to appear at the hearing, the evidence of the record does not indicate that either of them waived the right to examine any post hearing evidence. Therefore, the [ALJ] should have proffered the vocational expert testimony to the claimant and her representative." (TR 553).

A supplemental hearing was conducted before ALJ Levine on January 14, 2015. (TR 468-524). At this hearing, Plaintiff testified, and a medical expert ("ME") and vocational expert ("VE") also testified. ALJ Levine issued a decision on March 27, 2015, in which the ALJ ultimately found that Plaintiff was not disabled within the meaning of the Social Security Act prior to the expiration of her insured status because she retained the capacity to perform her previous work. (TR 447-467).

The Appeals Council denied Plaintiff's request for review, and therefore ALJ Levine's decision is the final decision of the Commissioner. See 20 C.F.R. § 404.981; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

3

II. <u>General Legal Standards Guiding Judicial Review</u>

A court reviewing a final decision of the Commissioner must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1140 (10th Cir. 2010); <u>Doyal v. Barnhart</u>, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." <u>Wall</u>, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401 *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); <u>accord</u>, 42 U.S.C. § 1382c(a)(3)(A); <u>see</u> 20 C.F.R. § 416.909 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. <u>Barnhart v. Walton</u>, 535 U.S. 212 (2002).

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. <u>See</u> 20 C.F.R. § 404.1520(a)(4), (b)-(g). "If the claimant is not

4

considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005).

In this case, ALJ Levine found that Plaintiff was not disabled at the fourth step of the required analysis. At step four, the ALJ must determine whether the claimant retains the RFC to perform the requirements of all past relevant work, applying a three-phase analysis. In the first phase, the ALJ must evaluate the claimant's mental and physical residual functional capacity ("RFC"). Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008)(quotations and citation omitted); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). RFC represents "the most [that the claimant] can still do despite [his or her] limitations." 20 C.F.R. §404.1545(a)(1).

In the second phase, the ALJ must determine the mental and physical demands of the claimant's past relevant work. Bowman, 511 F.3d at 1272 (quotations and citation omitted); Frantz v. Astrue, 509 F.3d 1299, 1301 (10th Cir. 2007); Social Security Ruling 82-62, "Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General," 1982 WL 31386, at 4 (1982). In this phase, the ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." Social Security Ruling 82-62, 1982 WL 31386, at 3; see Frantz, supra.

In the third phase, the ALJ must "determine[] whether the claimant has the ability to

5

meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." Winfrey, 92 F.3d at 1023 (citations omitted). The claimant bears the burden of proving an inability to perform the duties of the claimant's past relevant work. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993).

III. ALJ's Decision

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2009, but not thereafter, and that she had not engaged in substantial gainful activity from her alleged disability onset date of October 15, 2004, through her date last insured of September 30, 2009. (TR 451).

At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease and osteoarthritis of the hips. Further, the ALJ found at step two that Plaintiff's hypertension and diabetes mellitus were not severe impairments within the meaning of the Social Security Act because these impairments did not cause any significant loss of functional ability and did not interfere with her ability to engage in basic work activities. (TR 452).

At step three, the ALJ found that through the date Plaintiff was last insured for Title II benefits she did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.

At step four, the ALJ found that, "[a]fter careful consideration of the entire record," Plaintiff had the RFC to perform less than a full range of light work. (TR 452). Specifically, the ALJ found Plaintiff had the ability through the date she was last insured to lift/carry 20

pounds occasionally and 10 pounds frequently; sit six hours out of an eight-hour workday; stand/walk six hours out of an eight-hour workday; but she could not climb ladders, ropes, or scaffolds; could occasionally climb stairs, balance, stoop, kneel, crouch, or crawl; should avoid concentrated exposure to vibrations; and should avoid all unprotected heights and hazards. (TR 452). The ALJ further found at step four that Plaintiff's allegations of disabling symptoms were not entirely credible.

Finally, relying on the VE's testimony concerning the exertional requirements of Plaintiff's previous jobs, the ALJ found that through the date she was last insured for benefits Plaintiff could perform her past jobs of administrative clerk, general clerk, and collection clerk. On the basis of these findings, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and not entitled to benefits.

IV. Steps Two and Four

Plaintiff alleges that the ALJ erred at step two by failing to find that Plaintiff had additional severe impairments due to "depression, hypertension (HTN), migraine headaches, diabetes, peripheral neuropathy and osteoarthritis." Plaintiff's Corrected Opening Brief, at 2 (ECF page number 6). Plaintiff supports her argument with only bare conclusions and page references. See id. at 6.

In the ALJ's decision, the ALJ thoroughly discussed the pertinent evidence in the record. The ALJ found at step two that Plaintiff had two severe impairments, including osteoarthritis in her hips and degenerative disc disease, and expressly found that Plaintiff's diabetes and hypertension were not severe impairments under the agency's regulations

7

because these impairments did not significantly restrict Plaintiff's ability to work.

At step two, the ALJ must determine "whether the claimant has a medically severe impairment or combination of impairments." Bowen v. Yuckert, 482 U.S. 137, 140-141(1987). This determination is governed by the agency's "severity regulation" at 20 C.F.R. § 404.1520(c) (2007). Pursuant to this regulation, the claimant must make a "threshold showing that [her] medically determinable impairment or combination of impairments significantly limits [her] ability to do basic work activities." Williams v. Bowen, 844 F.2d 748, 750-751 (10th Cir. 1988). Although the claimant must make only a "de minimis"showing that the medical condition is medically severe, "the claimant must show more than the mere presence of a condition or ailment." Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).

Plaintiff's reference, in support of her argument, to her treating physician's occasional notations that her diabetes was uncontrolled is not persuasive. The record shows that on other occasions Plaintiff's treating physician noted that her diabetes was controlled or fairly controlled. (See TR 182, 196, 198, 216, 218, 383, 385). Moreover, whether or not her physician considered her diabetes controlled or uncontrolled, Plaintiff does not point to any evidence in the record suggesting that Plaintiff's diabetes had caused functional limitations that would significantly restrict her ability to work. There is substantial evidence in the record to support the ALJ's finding that Plaintiff's diabetes was not a severe impairment. Nor has Plaintiff pointed to any evidence in the record showing that Plaintiff's hypertension or migraine headaches, both of which were treated with medications, caused functional

limitations that would significantly restrict her ability to work.

Plaintiff also misinterprets the record in other respects. Plaintiff refers to her subjective statement to a treating physician in 2006 that she had a "lifelong struggle with symptoms of depression that have worsened" due to her decision to "quit her job in order to stay home with her mother." (TR 204). Although Plaintiff argues that depression and symptoms of "stress" and "memory problems" should have been found to constitute severe impairments, the record does not support these conclusions.

Plaintiff's treating physician, Dr. Hanigar, prescribed anti-depressant medication for Plaintiff in October 2006, but Plaintiff reported she did not take the medication. (TR 201, 204). Two years earlier, Dr. Hanigar prescribed anti-depressant medication for Plaintiff in June 2004. (TR 229). In July 2004, Plaintiff reported that the anti-depressant medication was "helping her to cope with the stress in taking care of her mother," and she denied being depressed. (TR 228). Plaintiff does not point to any evidence in the record of persistent treatment for depression or any other mental impairment.

Plaintiff points to one notation in the record in which she complained to Dr. Hanigar in September 2008 that she had severe joint pain in her hands. (TR 182). Dr. Hanigar prescribed anti-inflammatory medication. There are no further references to osteoarthritis symptoms in her hands during the relevant time period prior to the expiration of her insured status. There is nothing in the record to indicate that Plaintiff persistently sought medical treatment for either a mental impairment or osteoarthritis symptoms in her hands, and nothing in the record suggests that a mental impairment or hand osteoarthritis significantly restricted

9

Plaintiff's ability to work. Nor does Plaintiff point to any evidence in the record of a diagnosis or treatment for peripheral neuropathy prior to the date she was last insured for benefits.

In her brief, Plaintiff's step-two argument morphs into an argument that the ALJ's step four findings were fraught with error because the ALJ did not follow the second step of the three-phase step-four analysis and did not include additional RFC limitations to account for Plaintiff's depression, diabetes, hand and left shoulder osteoarthritis, or migraine headaches. Plaintiff's Corrected Opening Brief, at 6 (ECF page number 10).

Plaintiff does not point to any medical evidence that would suggest further limitations beyond those ascribed in the ALJ's RFC finding. Nor has Plaintiff presented anything more than a bare-bones argument that the ALJ erred in assessing Plaintiff's credibility. The ALJ's decision reflects that the ALJ undertook a thorough evaluation of the medical evidence and Plaintiff's own statements and testimony in assessing her credibility and determining her RFC for work.

Nor did the ALJ err, as Plaintiff argues, in evaluating any medical opinions in the record. The only medical opinions in the record are those provided by the ME at Plaintiff's supplemental hearing and the agency's medical consultant concerning her RFC for work. The ALJ's findings with respect to Plaintiff's RFC for work are consistent with these opinions. The ALJ therefore did not err by failing to discuss the weight given the opinions or reasons for rejecting the opinions.

Contrary to Plaintiff's suggestions, diagnoses are not medical opinions. Thus, the ALJ

did not err in failing to address the weight to be given to any diagnostic assessments appearing in the record. There is nothing in the record, including in the ME's testimony, to suggest that during the relevant time period prior to the expiration of her insured status Plaintiff's migraine headaches occurred with such frequency or severity that her ability to concentrate would be adversely affected in work-related activities. Plaintiff's testimony at the supplemental hearing in January 2015 concerning migraine headaches and other symptoms were not directed toward the relevant time period prior to the expiration of her insured status. All of her testimony was directed toward her contemporaneous symptoms and recent medical treatment occurring several years after her insured status expired. Thus, the testimony was not relevant to the issues before the Commissioner.

Plaintiff complains that the ALJ "stopped questioning the ME" and Plaintiff suggests that the ALJ had somehow predetermined that Plaintiff's application would be denied. These speculative, scurrilous conclusions are not supported by the record.

Nor did the ALJ err by failing to inquire of the ME whether additional development of the record was needed. The medical record in this case is voluminous. It includes Plaintiff's medical treatment during the relevant time period between the date on which she alleged she became disabled and continuing past the date that her insured status expired. It includes the report of a 2008 consultative physical examination of Plaintiff. The ALJ did not err by failing to adequately develop the record.

Plaintiff contends that the ALJ did not undertake the necessary phase-two analysis before determining that Plaintiff was capable of performing her previous jobs. The ALJ

obtained vocational testimony concerning the physical demands of Plaintiff's previous jobs. Although the ALJ's decision does not expressly discuss the expert vocational testimony that was received during the initial and supplemental hearings, the VE testimony obtained in those hearings reflects that the ALJ obtained sufficient information from which to determine the work demands of Plaintiff's previous jobs.

Plaintiff has not shown that any of her previous jobs required physical demands that were inconsistent with the ALJ's RFC determination. Further, Plaintiff does not point to any evidence that conflicted with the ALJ's step four finding that, given her RFC for work, Plaintiff was capable of performing her previous jobs of administrative clerk, general clerk, or collection clerk. Because there is substantial evidence in the record supporting the Commissioner's decision, the decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before       April 25th , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's

recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this \_\_\_\_4th\_\_\_\_ day of \_\_\_\_April\_\_\_\_, 2016.

*[signature: Gary M. Purcell]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE